CITY OF COLUMBUS, Appellee,

v.

DOYLE, Appellant.

[Cite as *Columbus v. Doyle,* 149 Ohio App.3d 164, 2002-Ohio-4490.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1283.

Decided Sept. 3, 2002.

Janet E. Jackson, City Attorney, Stephen L. McIntosh, City Prosecutor, Lara N. Baker and Anna Firestone, Assistant City Prosecutors, for appellee.

Moses Law Office and Ambrose Moses III, for appellant.

PETREE, Judge.

{¶ 1} On January 2, 2001, appellant, Jerry Doyle, was arrested and charged with disturbing a lawful meeting, in violation of Columbus City Codes ("C.C.") 2317.12(A)(1), and resisting arrest, in violation of C.C. 2321.33. Following a jury trial, appellant was found guilty of disturbing a lawful meeting and acquitted of resisting arrest. Appellant was sentenced to serve 30 days in jail. The trial court suspended one day for time served and 26 days for a one-year non-reporting probation. The conditions of appellant's probation included that he serve three days in jail, pay the court costs of the proceedings, and that he not commit the same or similar offenses during the next year.

{¶ 2} On appeal, appellant sets forth the following two assignments of error:

{¶ 3} "I. Columbus City Code § 2317.12 is unconstitutional as applied to the Appellant, denied him 14th Amendment due process, and violated his 1st Amendment rights because (1) he had complied with all time, place, and manner restrictions, including the disclosure of the content of his speech, required by the Columbus City School District Board of Education, and was approved to give comments on one agenda item and one non-agenda item, (2) he was part of the official agenda as a participant in the January 2, 2001 meeting, (3) the Board of Education, without giving reasonable prior notice, changed its procedures and

deviated from the official agenda, (4) Appellant understood that his comments on one agenda item and one non-agenda item were being combined so as to give him a total of six (6) minutes to address the Board of Education, and (5) the Board of Education President, without identifying what 'procedures' were being violated, had Appellant arrested for violating said 'procedures' and charged with disturbing a lawful meeting after only allowing him to address the Board of Education for three (3) minutes.

{¶ 4} "II. The jury verdict finding Appellant guilty of violating Columbus City Code § 2317.12 was against the manifest weight of the undisputed evidence, to wit, (1) Appellant had complied with all time, place, and manner restrictions required by the Columbus City School District Board of Education, and was approved to give comments on one agenda item and one non-agenda item, (2) he was part of the official agenda as a participant in the January 2, 2001 meeting, (3) the Board of Education, without giving reasonable prior notice, changed its procedures and deviated from the official agenda, (4) School Board members and staff were confused and unaware of the procedures and deviation from the official agenda, (5) Appellant understood that his comments on one agenda item (three (3) minutes) and one non-agenda item (three (3) minutes) were being combined so as to give him a total of six (6) minutes to address the Board of Education, and (6) the Board of Education President, without identifying what 'procedures' were being violated, had Appellant arrested for violating said 'procedures' and charged him with disturbing a lawful meeting after only allowing him to address the Board of Education for three (3) minutes."

{¶ 5} The relevant facts leading up to appellant's arrest include the following. The Columbus City School District Board of Education ("board") had a meeting scheduled for January 2, 2001. Prior to January 2, 2001, the board procedure permitted members of the public to sign up to speak on both agenda and non-agenda items during the regularly scheduled meetings. Public comments on agenda items and non-agenda items were heard at different points of time during the meetings. On January 2, 2001, the board changed the procedure for hearing public comments on non-agenda items. Here and after, the board decided to set up a separate forum, which would meet at a time other than the regular meeting time, for the sole purpose of allowing the public to address non-agenda issues before the board. As such, members of the public would no longer be permitted to address non-agenda items during the regular meetings of the board. However, because the change of procedure had just been made, the board president, Stephanie Hightower, addressed the people in attendance at the meeting and informed them that non-agenda items were being moved up and would be heard with agenda items. Appellant had signed up to speak on both agenda and non-

agenda items. Pursuant to the board's policy, the public was permitted to speak for three minutes on agenda items and three minutes on non-agenda items.

{¶ 6} Appellant attended the January 2, 2001 board meeting and filled out forms indicating that he intended to speak on both an agenda item and a non-agenda item. Before the public began addressing the board, Hightower read the rules for the speakers and indicated that each person would be given three minutes to make his or her comments. When appellant was given the opportunity to speak, his comments related to the change in policy regarding public comments on non-agenda items. Just before the two and one-half minute warning tone, appellant announced to the board that he intended to speak for his whole six minutes. After the three-minute tone sounded, appellant was told that his time was up, and he was asked to sit down. However, appellant continued to speak concerning the same topic on which he had been speaking for the first three minutes: the elimination of public comments on non-agenda items at regular board meetings.

{¶ 7} After being asked several times to stop commenting, appellant continued to refuse to leave the podium. Eventually, Hightower was forced to call a recess. During the recess, appellant continued to speak, addressing the same topic. At one point, appellant stated that the meeting was going to continue to be interrupted until such time as the meeting was given back to the people.

{¶ 8} Hightower resumed the meeting and requested that Columbus police officers who were present remove appellant so that the meeting could continue. Appellant still refused to leave. The Columbus police officers placed him under arrest, and the officers physically removed appellant from the meeting room. As a result, appellant was charged with disturbing a lawful meeting and resisting arrest.

{¶ 9} Appellant was convicted of violating C.C. 2317.12, which provides:

{¶ 10} "(A) No person, with purpose to prevent or disrupt a lawful meeting, procession, or gathering, shall do either of the following:

{¶ 11} "(1) Do any act which obstructs or interferes with the due conduct of such meeting, procession, or gathering * * *[.]"

{¶ 12} In his first assignment of error, appellant contends that C.C. 2317.12(A)(1) is unconstitutionally vague and also that it is unconstitutional as applied to him because it infringes upon the rights guaranteed him by the First Amendment to the United States Constitution. Essentially, appellant argues that C.C. 2317.12(A)(1) is void for vagueness and is also overbroad. For the reasons that follow, this court disagrees.

{¶ 13}  In order to prove a claim that a statute is void for vagueness, the challenging party must show that, upon examining the statute, an individual of ordinary intelligence would not understand what he or she is required to do under the law.  *Coates v. Cincinnati* (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214.  In order to escape responsibility, the defendant must prove, beyond a reasonable doubt, that the statute was so unclear that he or she could not reasonably understand that it prohibited the acts in which he or she engaged. Id. In *State v. Tanner* (1984), 15 Ohio St.3d 1, 15 OBR 1, 472 N.E.2d 689, the Ohio Supreme Court has also indicated that the values implicated in the void-for-vagueness doctrine are:

{¶ 14}  "[F]irst, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute;  second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints;  and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited.  Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language."  Id. at 3, 15 OBR 1, 472 N.E.2d 689.

{¶ 15}  In *State v. Brand* (1981), 2 Ohio App.3d 460, 2 OBR 556, 442 N.E.2d 805, the Court of Appeals for Hamilton County addressed a constitutional challenge to R.C. 2917.12, which is identical to C.C. 2317.12.  The court found that R.C. 2917.12 is not unconstitutionally overbroad.  This court agrees with the rationale expressed by the Hamilton County Court of Appeals.  C.C. 2317.12 is clear and unequivocal; it gives fair notice of what is forbidden.  The plain meaning is that it prohibits any person from acting with a purpose to prevent or disrupt a lawful gathering and from succeeding in that effort by actually obstructing or interfering with its due conduct.  This court finds no imprecision in the statutory language that would prevent a person of ordinary intelligence from knowing what is and what is not proscribed.  As such, this court finds that C.C. 2317.12 is not unconstitutionally vague.

{¶ 16}  Appellant further argues that the above statute interferes with the free exercise of his First Amendment rights and legally permissible conduct and, as such, the statute is overbroad.  The failure of appellant's vagueness challenge does not invalidate his overbroad challenge.  *Gooding v. Wilson* (1972), 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408.

{¶ 17}  A statute must be carefully drawn or authoritatively construed to punish only unprotected conduct and not be susceptible of application to protect expression.  Id. A clear and precise penal statute may nevertheless be unconstitutionally overbroad if its sanctions substantially prohibit activities pro-

tected by the First Amendment. *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222. The crucial question is whether the statute sweeps within its prohibitions a substantial amount of conduct that may not be punished under the First and Fourteenth Amendments. Id.

{¶ 18} In *Brand,* supra, the court also considered the challenge that R.C. 2917.12 was unconstitutional as applied because it is contrary to the First and Fourteenth Amendments. The court rejected that assertion and found that the statute is designed to preserve the free speech of those conducting a lawful meeting by preventing others from disrupting the meeting. This court agrees with the Hamilton County Court of Appeals' rationale in finding that the statute does not regulate the context of any person's speech; however, it applies to the person's conduct in the act of speaking when the actor's intent is not to facilitate the exchange of ideas but, rather, to disrupt or prevent either an exchange or the legitimate expression of ideas by others. A state legislature may regulate both conduct and speech that is antagonistic to legitimate public interest by placing reasonable restrictions on the time, place, and manner of expressive activity. *Grayned,* supra.

{¶ 19} This court finds that, as construed and applied in this case, the language of C.C. 2317.12(A)(1) is not unconstitutional. In finding that C.C. 2317.12(A)(1) survives both the challenge that it is unconstitutionally vague and that it violates the First and Fourteenth Amendments, this court overrules appellant's first assignment of error.

{¶ 20} In his second assignment of error, appellant contends that the jury's verdict finding him guilty of violating C.C. 2317.12 was against the manifest weight of the evidence. The test for whether a judgment is against the manifest weight of the evidence involves a limited weighing of the evidence by the court to determine whether there is sufficient, competent, credible evidence that could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. *State v. Conley* (Dec. 16, 1993), Franklin App. No. 93AP–387, 1993 WL 524917.

{¶ 21} In *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, the Ohio Supreme Court described the standard of review as follows:

{¶ 22} "* * * Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*' (Emphasis added.) Black's, *supra,* at 1594.

{¶ 23} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a ' "thirteenth juror" ' and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs* [*v. Florida* (1982) ], 457 U.S. [31], at 42, 102 S.Ct. [2211], at 2218 [72 L.Ed.2d 652] * * *[.] See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175 [20 OBR 215, 485 N.E.2d 717] * * * [.] ('The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')." Id. at 387, 20 OBR 215, 485 N.E.2d 717.

{¶ 24} In reviewing the evidence before us, this court finds that the jury's finding that appellant violated C.C. 2317.12 is supported by the manifest weight of the evidence. In *Brand,* supra, the court upheld a conviction for disturbing a lawful meeting under the identical state code provisions. In that case, the defendant heckled during a Mental Health Association rally where former first lady, Rosalyn Carter, was speaking. The court found that defendant substantially disturbed the meeting where his conduct caused Ms. Carter to quit speaking for a period of approximately 45 seconds. In the present case, appellant's conduct disrupted the meeting of the board in a far more significant manner.

{¶ 25} First, after reviewing the audiotape, as well as the videotape, this court finds that the public was apprised of the format to be followed on January 2, 2001. Second, even if appellant had mistakenly assumed that he would be permitted to speak for six minutes, when Hightower informed him that his time was up, appellant's actions disturbed the meeting in a significant manner. Third, a review of the evidence demonstrates that the substance of appellant's comments all concerned non-agenda items. Based on his past participation at board meetings, appellant was well aware that a person was given three minutes to speak on an agenda item and three minutes to speak on a non-agenda item. At no time had any participants ever been permitted to speak for six minutes on a non-agenda item. Fourth, even if, as appellant argues, he had no intent to disrupt the meeting, his definition of an intent does not comply with the code provisions.

{¶ 26} C.C. 2301.22(A) provides:

{¶ 27} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a

certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

{¶ 28} Clearly, even if appellant did not actually "intend" to disrupt the meeting, it is apparent from reviewing the evidence that he did intend the conduct in which he engaged, and those actions substantially disrupted the board's meeting. As such, his actions were sufficient to meet the code's definition of intent.

{¶ 29} As indicated above, the jury's verdict finding appellant guilty of disturbing a lawful meeting, in violation of C.C. 2317.12(A)(1), was not against the manifest weight of the evidence. As such, appellant's second assignment of error is overruled.

{¶ 30} Based on the foregoing, this court finds that C.C. 2317.12(A)(1) is not unconstitutionally vague, nor is it unconstitutionally overbroad. Further, this court finds that the jury's conviction was not against the manifest weight of the evidence. Therefore, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

Judgment affirmed.

LAZARUS and DESHLER, JJ., concur.